# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| TROY SCHERR )<br>　　Plaintiff )<br>VS. )<br> )<br>AMSHER COLLECTION SERVICES, INC.)<br>　　Defendant. ) | Civil Action No.: 11-209 |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter ''FDCPA'') which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff is over the age of nineteen years and is residing in Mobile County, Alabama.

4. Defendant, AMSHER COLLECTION SERVICES, INC., is a corporation engaged in the business of collecting debts in this state with its principal place of business located in Alabama.

5. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

6. Defendant regularly attempt to collect debts alleged to be due another.

7. Defendant is a ''debt collectors'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. Defendant, at all material times hereto, were acting through their agents, servants and/or employees and are liable to plaintiff under *respondeat superior* and/or agency theories or are otherwise vicariously liable to plaintiff.

### IV. FACTUAL ALLEGATION

9. In June, 2010, Defendant improperly contacted plaintiff via phone to collect a debt to Lifeguard Ambulance Service knowing he was represented by a lawyer.

### COUNT I
### FDCPA

10. Plaintiff adopts and incorporates by reference paragraphs one through nine above.

11. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, one or more of the prohibitions set out in 15 U.S.C. § 1692 *et seq.*

12. As a proximate result of defendants acts and/or omissions, and each of them, plaintiff claims relief afforded under the FDCPA.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, and each of them, for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of the Act;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees;

F. For such other and further relief as may be just and proper.

## COUNT II
## NEGLIGENCE

13. Plaintiff adopts and incorporates by reference paragraphs 1 through 9 by reference as if fully set out herein.

14. Defendants, and each of them, negligently engaged in efforts to collect a debt from plaintiff; failed to have and/or improperly implemented policies and/or procedures concerning the same; and/or negligently trained, retained, supervised, selected, hired, and/or disciplined their agents, servants, and/or employees.

15. As a proximate consequence and result of said negligence of defendants, and each of them, individually or jointly, which combined and concurred, plaintiff was damaged.

WHEREFORE, plaintiff demands compensatory damages in excess of the minimal jurisdictional limits of this Court.

## COUNT III
## WANTONNESS

16. Plaintiff adopts and incorporates by reference paragraphs 1 through 9 by reference as if fully set out herein.

17. Alternatively, defendants, and each of them, wantonly engaged in efforts to collect a debt from plaintiff; failed to have and/or improperly implemented policies and/or procedures concerning the same; and/or negligently trained, retained, supervised, selected, hired, and/or disciplined their agents, servants, and/or employees.

18. As a proximate consequence and result of said wantonness of defendants, and each of them, individually or jointly, which combined and concurred, plaintiff was damaged.

WHEREFORE, plaintiffs demand compensatory and punitive damages in excess of the minimal jurisdictional limits of this Court.

/s/James Dailey
James J. Dailey (DAIJ0324)
1206 Dauphin St.
Mobile, AL 36604
(251)-441-9946
jim@jimdailey.com

**DEFENDANTS CAN BE SERVED VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED AS FOLLOWS**:

CSC LAWYERS INCORPORATING SVC INC
150 S PERRY ST
MONTGOMERY, AL 36104